NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2094
_____

UNITED STATES OF AMERICA

v.

HARRY P. JOLINE
                    Appellant


_____


On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Action No. 4-10-cr-00071-001)
District Judge:  Honorable John E. Jones, III
_____


Submitted Under Third Circuit LAR 34.1(a)
October 26, 2011
_____


Before: SLOVITER and GREENAWAY, Jr., <u>Circuit Judges</u>, and POLLAK, <u>District
Judge</u>[*]

(Opinion filed December 2, 2011)
_____


OPINION
_____


_____

[*] Honorable Louis H. Pollak, Senior Judge of the United States District Court for the
Eastern District of Pennsylvania, sitting by designation.

POLLAK, <u>District Judge.</u>

After Harry Joline entered a plea of guilty to bank fraud, the District Court sentenced him to a six-month term of imprisonment to be followed by a five-year term of supervised release. Joline now challenges only the supervised release portion of his sentence. We will affirm.

**I.**

On May 13, 2010, a Federal Grand Jury returned a superseding indictment against Joline charging him with one count of bank fraud and one count of wire fraud.[1] The charges arose out of a series of checks Joline wrote on a closed bank account in 2009. Pursuant to a plea agreement, Joline pleaded guilty to bank fraud, a violation of 18 U.S.C. § 1344, on August 25, 2010. The District Court sentenced Joline on April 15, 2011.

In determining Joline's sentence, the District Court considered the factors enumerated at 18 U.S.C. § 3553(a), including those factors relevant to the imposition of a term of supervised release. *See* 18 U.S.C § 3583(c). The Court put particular emphasis on Joline's criminal history, which comprised over twenty-three state convictions for writing bad checks and for forgery and a federal conviction for social security fraud and identity theft. The court also observed that although Joline had pleaded guilty to writing only four bad checks totaling $1000 in value, he in fact had written over seventy bad checks between March and October of 2009. Ultimately, the Court sentenced Joline to a six-month term of imprisonment, below the bottom end of the twelve-to-eighteen month

---

[1] Because we write primarily for the parties who are familiar with the factual and procedural history of Joline's case, we provide only a brief summary here.

Guidelines range, and imposed the maximum term of supervised release available under the statute — five years. The Court explained that it had decided to impose a longer term of supervised release than it normally would have because of "the tremendous risk that Mr. Joline will recidivate." Addressing Joline, the Court stated "I don't think you can control . . . your impulse to write bad paper, and we've got to do something about that."

In the timely appeal now before us, Joline requests a new sentencing hearing.

## II.

We have jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. We review a district court's sentence for abuse of discretion. *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc). Absent significant procedural error, our inquiry is limited to the sentence's substantive reasonableness. *Id.* at 568.

In challenging the five-year term of supervised release, Joline characterizes as an "incongruity" the combination of a below-guidelines prison sentence and a maximum supervised release term. The primary purpose of supervised release is to "'facilitate the integration of offenders back into the community rather than to punish them.'" *United States v. Albertson*, 645 F.3d 191, 197 (3d Cir. 2011) (quoting U.S. Sentencing Comm'n, *Federal Offenders Sentenced to Supervised Release* 8-9 (2010)). As the Supreme Court has observed, "[s]upervised release fulfills rehabilitative ends, distinct from those served by incarceration." *United States v. Johnson*, 529 U.S. 53, 59 (2000). Because imprisonment and supervised release serve distinct purposes, the District Court's determination that Joline's conduct, criminal history, and high risk of recidivism warranted a five-year term of supervised release was not incongruous with the Court's

3

decision to impose a relatively short term of imprisonment. *See Albertson*, 645 F.3d at 199 (observing that a relatively short term of incarceration suggested that a lengthier term of supervised release was reasonable).

Joline further contends that his term of supervised release is unreasonable because, in imposing his sentence, the District Court did not comment on various factors that arguably militate toward a shorter term of supervised release. A district court must furnish an explanation of the sentence that is sufficient for the reviewing court "to see that the particular circumstances of the case have been given meaningful consideration within the parameters of § 3553(a)." *United States v. Levinson*, 543 F.3d 190, 196 (3d Cir. 2008). Here, the record reflects that the Court carefully reviewed the particular circumstances of Joline's case, gave thorough consideration to the relevant sentencing factors, and sentenced Joline to a reasonable term of supervised release. *See* 18 U.S.C § 3583(c).

## III.

For the reasons stated above, we will affirm Joline's sentence.