[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-16075
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cr-00261-SCJ-RGV-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

AGUSTIN HERNANDEZ CRUZ,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(July 27, 2012)

Before DUBINA, Chief Judge, JORDAN and FAY, Circuit Judges.

PER CURIAM:

Appellant Agustin Hernandez Cruz ("Cruz") appeals his 46 month sentence

imposed after pleading guilty to one count of illegal re-entry of a previously

deported alien, in violation of 8 U.S.C. § 1326(a) and (b)(2).  He argues on appeal

that his 46 month sentence is substantively unreasonable in light of the 18 U.S.C.

§ 3553(a) factors.  Specifically, he argues that his predicate drug offense was over

ten years old, and therefore stale, and that it was error for the district court to apply

the 16-level increase under U.S.S.G. § 2L1.2(b)(1)(A)(i) without mitigation; that

there were sufficient grounds for mitigation and the district court placed undue

weight on deterrence; and that the district court refused to consider his five week

Immigration and Customs Enforcement ("ICE") custody for § 3553(a) purposes.

In reviewing a sentence for substantive reasonableness, we consider the

totality of the circumstances under a deferential abuse of discretion standard.  *Gall*

*v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597, 169 L. Ed. 2d 445 (2007).

While a sentence within the guideline range is not presumptively

reasonable, we ordinarily expect it to be reasonable.  *United States v. Talley*, 431

F.3d 784, 788 (11th Cir. 2005).  The party who challenges the sentence bears the

burden of establishing that the sentence is unreasonable in light of both the record

and the § 3553(a) factors.  *Id.*  Once a district court has applied the proper

guideline range, we will vacate the sentence if, and only if, "'we are left with the

definite and firm conviction that the district court committed a clear error of

2

judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case.'" *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (*en banc*) (quoting *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008)), *cert. denied* 131 S. Ct. 1813 (2011). The reasonableness standard is not applied to each individual decision made during the sentencing process, but only to the final sentence. *United States v. Winingear*, 422 F.3d 1241, 1245 (11th Cir. 2005).

Defendants may be given credit for prior custody under 18 U.S.C. § 3585(b). However, district courts are not authorized at sentencing to award credit for time served. *See United States v. Wilson,* 503 U.S. 329, 333, 112 S. Ct. 1351, 1354, 117 L. Ed. 2d 593 (1992). The Attorney General, through the Bureau of Prisons, has the exclusive responsibility of administering the sentence and crediting time served, after the district court has sentenced the offender. *Id.* at 334-35, 112 S. Ct. at 1354-55. To preserve an issue for appeal, an objection must be raised in clear and simple language so as to notify the trial court and the opposing party of the particular grounds upon which appellate review will later be sought. *See United States v. Straub*, 508 F.3d 1003, 1011 (11th Cir. 2007).

Here, we conclude from the record that the district court did not abuse its discretion in imposing a 46 month sentence, and the sentence is substantively

3

reasonable. The sentence is within the guidelines range and well below the statutory maximum, and the court explicitly considered the parties' arguments and the § 3553(a) factors. The evidence showed that Cruz had two illegal entries, two removals, and necessarily, three illegal entries. In light of this substantial history, it was reasonable for the district court to consider Cruz's recidivism in imposing the sentence. Furthermore, the evidence showed that Cruz's wife and children continue to live in the United States, and that he might attempt to return in order to be with them. Though potential mitigating factors existed, such as the hardship on Cruz's family while he is imprisoned, the district court heard and considered those arguments in imposing the sentence.

Furthermore, Cruz's argument that the 46 month sentence is unreasonable because the district court failed to give him credit for the five weeks he spent in ICE custody is without merit. The record shows that there was confusion as to whether Cruz was requesting credit under § 3585(b), or a downward variance under § 3553(a). To the extent that Cruz was seeking credit under § 3585(b), the district court properly determined that it did not have the authority to credit Cruz's sentence with time served. Even if Cruz preserved the downward variance objection, the final sentence was still reasonable, as reasonableness is determined not by discrete decisions but by the final sentence. *Winingear*, 422 F.3d at 1245.

4

As already stated herein, the sentence is reasonable given Cruz's history of recidivism, the serious nature of his prior drug felony, and the possibility that, if deported again, he might return to the United States to be with his family.  Cruz essentially seeks on appeal a re-weighing of the  § 3553(a) factors, which we are precluded from doing.  *United States v. Langston,* 590 F.3d 1226, 1237 (11th Cir. 2009).

Cruz next argues that it the district court's imposition of three years of supervised release is procedurally and substantively unreasonable, because U.S.S.G. § 5D1.1(c), as a default, advises against its imposition.

We review the district court's imposition of supervised release for abuse of discretion.  *United States v. Zinn*, 321 F.3d 1084, 1087 (11th Cir. 2003).

District courts commit procedural errors in sentencing when they, *inter alia,* improperly calculate the guidelines.  *Gall*, 552 U.S. at 51, 128 S. Ct. at 597. Where supervised release is not required by statute and the defendant is a deportable alien who likely will be deported after imprisonment, the district court should not ordinarily impose a term of supervised release.  U.S.S.G. § 5D1.1(c). The need to afford adequate deterrence and to protect the public "ordinarily is adequately served by a new prosecution." *Id.,* cmt. 5.  However, the district court should consider imposing a term of supervised release on such a defendant if "the

5

court determines it would provide an added measure of deterrence and protection based on the facts and circumstances of a particular case." *Id.* When a party induces or invites the district court into making an error, the doctrine of invited error generally renders that error unreviewable. *United States v. Stone*, 139 F.3d 822, 838 (11th Cir. 1998).

In the instant case, we note that Cruz explicitly stated on the record that supervised release, even up to three years, was "absolutely appropriate." (R3 at 15). At no point did he qualify that statement by explaining that it would only be appropriate in conjunction with a lesser sentence than the one that was ultimately imposed. Regardless, even if the doctrine of invited error does not preclude review, we conclude that the district court did not abuse its discretion in imposing three years of supervised release. Though as a default the guidelines state that deportable aliens should not receive supervised release, its imposition was not unreasonable here, given Cruz's history of multiple attempted entries and illegal entries. Accordingly, we hold that the total sentence of 46 months' imprisonment followed by the three years of supervised release is both procedurally and substantively reasonable.

Thus, we affirm Cruz's sentence.

**AFFIRMED.**

6