NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-4562
_____

UNITED STATES OF AMERICA

v.

CHRISTOPHER LAWRENCE,

Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2-11-cr-00091-001)
District Judge:  Honorable Gustave Diamond
_____

Submitted Under Third Circuit LAR 34.1(a)
October 23, 2012

Before:  HARDIMAN, GREENAWAY, JR., and VANASKIE, *Circuit Judges*.

(Filed: November 6, 2012 )
_____

OPINION OF THE COURT
_____

HARDIMAN, *Circuit Judge*.

Christopher Lawrence appeals the District Court's judgment of sentence following his conviction for illegal reentry.  We will affirm.

I

Because we write for the parties, who are well acquainted with the case, we recite

only the facts and procedural history essential to its disposition.  After Lawrence pleaded

guilty to unlawfully reentering the United States in violation of 8 U.S.C. § 1326, he was

sentenced to thirteen months' imprisonment followed by three years of supervised release.

 In 1998, Lawrence was denied entry at the border.  In 2006, he was subject to expedited

removal.  When sentencing Lawrence, the District Court noted that "[n]ormally we don't

place [illegal reentry defendants] on supervised release, but since this Defendant seems to

have a proclivity to be returning and maybe has reasons for wanting to return, we will

place him on supervised release in this case."  Lawrence now appeals the supervised

release component of his sentence.

II

The District Court exercised jurisdiction pursuant to 18 U.S.C. § 3231 and we have

jurisdiction over Lawrence's appeal under 28 U.S.C. § 1291.[1]  We review the District

_____

[1]  The Government has argued that this case is moot or, alternatively, that this
Court should decline jurisdiction on prudential ripeness grounds.  This case is not moot
because the supervised release forms a part of Lawrence's sentence.  *See United States v.
Jackson*, 523 F.3d 234, 241 (3d Cir. 2008) (upholding jurisdiction over a challenge to a
sentence of supervised release and noting that "because a live case or controversy that a
court can remedy arises when a defendant challenges the sentence he is currently serving,
issues of mootness do not arise").  Furthermore, because we can easily decide this case on
the merits based on the current record, we will not decline jurisdiction on prudential
ripeness grounds.  *See Oklevueha Native American Church of Hawaii, Inc. v. Holder*, 676
F.3d 829, 838 (9th Cir. 2012) (reversing a lower court's dismissal on prudential ripeness

Court's sentence for abuse of discretion, under which we will overturn the sentence only if it was based on an erroneous legal conclusion, a clearly erroneous factual conclusion, or was substantively unreasonable such that "no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *United States v. Tomko*, 562 F.3d 558, 567–68 (3d Cir. 2009).

A

The District Court did not base its sentence on an erroneous legal conclusion because it accurately interpreted the applicable law. The United States Sentencing Guidelines (USSG) provide that "the court ordinarily should not impose a term of supervised release in a case in which supervised release is not required by statute and the defendant is a deportable alien who likely will be deported after imprisonment." USSG § 5D1.1(c). Nevertheless, supervised release should be considered if "the court determines it would provide an added measure of deterrence and protection based on the facts and circumstances of a particular case." USSG § 5D1.1, cmt n.5 (2011). Here, the District Court neither suggested that a term of supervised release was mandatory nor that it was generally appropriate for deportable aliens. Instead, it accurately stated that "[n]ormally we don't place these people on supervised release," but went on to explain why

grounds when the case involved "the application of well-developed law … to an existing case and controversy" and refusing to consider the hardship or lack thereof to the parties "[b]ecause we can identify no interest in delaying review of Plaintiffs' claims").

3

Lawrence's case was not ordinary and why extra deterrence was necessary in this particular case. Therefore, the legal basis for the District Court's sentence was not erroneous.

B

Nor was Lawrence's sentence based on a clearly erroneous factual conclusion. The District Court's rationale for imposing supervised release was that "this Defendant has a proclivity to be returning and maybe has reasons for wanting to return . . . ." Lawrence had tried to enter illegally in 1998 and had been removed in 2006. Furthermore, Lawrence's significant family ties in the United States provided a possible motive for returning. In fact, Lawrence illegally entered the United States in 2002 to see his children and illegally entered the United States in this case to raise his son. These facts support the District Court's conclusion that Lawrence posed a risk of illegal reentry. Therefore, the District Court's factual basis for Lawrence's sentence was not clearly erroneous. *See United States v. Cruz*, 2012 WL 3062178, at *2 (11th Cir. 2012) (finding that it was reasonable for a district court to consider an illegal reentry defendant's recidivism and ongoing motive in sentencing when that defendant had previously been removed from the United States twice and had family in the United States that he might attempt to return to in the future).

C

Finally, the District Court's sentence of supervised release was not substantively

4

unreasonable. "A sentencing judge is given wide discretion in imposing a term of supervised release" as long as it is "exercised within the parameters of 18 U.S.C. § 3583." *United States v. Miller*, 594 F.3d 172, 183 (3d Cir. 2010) (citing *United States v. Voelker*, 489 F.3d 139, 143 (3d Cir. 2007)). Under § 3583, a sentencing judge should consider, *inter alia*, the nature and circumstances of the offense, the history and characteristics of the defendant, general and specific deterrence, and the need to protect the public from future crimes. *See* 18 U.S.C. § 3583 (citing portions of 18 U.S.C. § 3553). The sentencing judge is not required to address each § 3553 factor, as long as "the record makes clear the court took the factors into account." *Tomko*, 562 F.3d at 568 (finding that the sentencing judge did not abuse his discretion because the "record makes clear that the sentencing judge listened to each argument") (citations omitted). Here, the District Court listened to all of Lawrence's mitigating evidence and imposed a below-Guidelines sentence based on that evidence. Because of Lawrence's proclivity for reentering the United States, however, the District Court concluded that a term of supervised release would create an added layer of deterrence and protect the public from future illegal reentries. Lawrence has pointed to no case in which a sentence of supervised release has been held unreasonable under similar facts, and we cannot say the District Court's conclusion was unreasonable in this case. *Cf. United States v. Joline*, 662 F.3d 657, 659 (3d Cir. 2011) (noting that a "high risk of recidivism" can justify a long term of supervised release).

5

III

For the foregoing reasons, we will affirm the District Court's judgment of sentence.