**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50508 |
| Plaintiff-Appellee, | D.C. No. 3:11-CR-3677-LAB |
| v. | MEMORANDUM[*] |
| FELIPE GONZALEZ-ALVAREZ, | |
| Defendant-Appellant. | |

On Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted November 6, 2012 [**]
Pasadena, California

Before: GOODWIN and O'SCANNLAIN, Circuit Judges, and ZOUHARY, District Judge.[***]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Jack Zouhary, District Judge for the U.S. District Court for Northern Ohio, sitting by designation.

Defendant-Appellant Felipe Gonzalez-Alvarez ("Gonzalez-Alvarez"), a native and citizen of Mexico, pled guilty to a one-count information charging him with being present in the United States unlawfully after removal, in violation of 8 U.S.C. § 1326. The sentencing judge calculated his total offense level to be 9 with a criminal history category VI, resulting in a Sentencing Guidelines range of 21 to 27 months of imprisonment. Gonzalez-Alvarez challenges his above-Guidelines sentence of 60 months incarceration followed by 3 years supervised release. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and now affirm.

1. Gonzalez-Alvarez's sentence of 60 months incarceration is less than the statutory maximum of 240 months, but 33 months above the maximum recommended by the federal Sentencing Guidelines. The Guidelines, however, are only advisory. *Gall v. United States*, 552 U.S. 38, 45–46 (2007). As directed by 18 U.S.C. § 3553(a), the sentencing judge weighed several factors, including the Guidelines, Gonzalez-Alvarez's prolific criminal history, which features nearly fifty separate convictions over the span of two decades; each committed while in the country illegally, and seven prior deportations. All in all, the judge felt Gonzalez-Alvarez's "flabbergasting record" warranted a significant increase from his last Section 1326 offense, as his prior sentence of 27 months clearly did not deter him. The judge adequately explained and did not abuse his discretion by imposing an above-Guidelines sentence.

2

**2.** As Gonzalez-Alvarez's attorney told the judge at sentencing, the Guidelines recommend against imposing supervised release on deportable aliens under "ordinar[y]" circumstances. U.S.S.G. § 5D1.1(c). But Gonzalez-Alvarez's circumstances are not "ordinary." Application note 5 to Section 5D1.1 specifically instructs that supervised release is appropriate for deportable aliens when "it would provide an added measure of deterrence and protection." The sentencing judge gave a specific explanation that supervised release would provide an added measure of deterrence and protection based on the facts of this case. *See United States v. Dominguez-Alvarado*, ---F.3d---, No. 11-41304, 2012 WL 3985136, *3 (5th Cir. Sept. 12, 2012). The judge found supervised release:

> necessary because I am trying my best to impose a sentence that will deter [Gonzalez-Alvarez] from coming back, but I have no great confidence that it will, and I think supervised release is necessary as an additional consequence to add to the deterrence.

Contrary to Gonzalez-Alvarez's assertion, this finding was not a *Kimbrough*-style rejection of a Guidelines sentencing policy; rather, it was consistent with Section 5D1.1 and its accompanying commentary. *See United States v. Henderson*, 649 F.3d 955, 964 (9th Cir. 2011). Accordingly, we find no error in the court's decision to impose 3 years of supervised release.

**AFFIRMED**.