11-5321-cr
United States v. Garcia

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall Courthouse, 40 Foley Square, in the City of New York, on the 28th day of January, two thousand thirteen.

Present:
      AMALYA L. KEARSE,
      ROBERT A. KATZMANN,
          *Circuit Judges.*
      JED S. RAKOFF,
          *District Judge.*[*]

_____

UNITED STATES OF AMERICA,

    *Appellee*,

      v.                                 No.  11-5321-cr

MARLON ENRIQUE GARCIA,

    *Defendant-Appellant.*

_____

For Appellee:                Emily Berger & Michael P. Canty, Assistant United States Attorneys, *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, NY.

---

[*] The Honorable Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

For Defendant-Appellant:    David A. Lewis, Federal Defenders of New York, Inc., New York, NY.

Appeal from the United States District Court for the Eastern District of New York Irizarry, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the decision of the district court be and hereby is **AFFIRMED**.

Defendant-Appellant Marlon Enrique Garcia appeals from his judgment of conviction and sentence entered on December 21, 2011, sentencing him to 72 months of imprisonment and 3 years of supervised release for illegal reentry into the United States in violation of 8 U.S.C. §§ 1326(a) & (b). Garcia illegally entered the United States when he was 13 or 14 years old and was convicted of multiple crimes as a young man, including aggravated assault. After being convicted of assaulting a police officer, he was deported in 2007. Since his illegal reentry into the country nine months later, he has been arrested multiple times and was again convicted for assault. Following an arrest for possession of a forged instrument in April 2011, immigration officials discovered that he had returned to the United States illegally, and he was charged with illegal reentry. We assume the parties' familiarity with the underlying facts and procedural history of this case, as well as with the issues on appeal.

Garcia challenges only his term of supervised release, contending that the district court committed procedural error by failing to adequately explain why a period of supervised release was proper in light of a newly amended provision of the United States Sentencing Guidelines. The provision, which took effect just six weeks before Garcia's sentencing hearing, states that "[t]he court ordinarily should not impose a term of supervised release in a case in which

2

supervised release is not required by statute and the defendant is a deportable alien who likely will be deported after imprisonment." U.S.S.G. § 5D1.1(c). The comments to the amendment elaborate that, under these circumstances, supervised release is normally "unnecessary" because "the need to afford adequate deterrence and protect the public ordinarily is adequately served by a new prosecution [for illegal reentry]." *Id.* cmt. n.5. However, the comments also clarify that courts "should . . . consider imposing a term of supervised release on such a defendant *if the court determines it would provide an added measure of deterrence and protection based on the facts and circumstances of a particular case*." *Id.* (emphasis added).

Because Garcia failed to object to his sentence below, we review for plain error. *United States v. Villafuerte*, 502 F.3d 204, 207 (2d Cir. 2007). We, in fact, find no error with the district court's decision. A district court must provide reasons for the imposition of a particular sentence, and failure to do so renders the sentence procedurally unreasonable. *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (en banc). During sentencing in this case, however, the district court explicitly recognized the applicability of the new provision of the Guidelines and stated:

> [W]hile I understand that the new guidelines recommend in cases where the defendant is likely to be deported that no term of supervised release be imposed[, given] that I have some doubts about the defendant's ability to contain himself and not return to the United States, I am going to impose a term of three years of supervised release . . . [with the special condition] not to reenter the United States illegally.

J. App'x at 83.

Despite Garcia's protestations, the court offered an adequate explanation. We agree with a number of our sister circuits that supervised release is appropriate even under the new Guidelines if the district court finds that a defendant is particularly likely to reenter the country

3

illegally again in the future.  *See United States v. Gonzalez-Alvarez*, No. 11-50508, 2012 WL

5462571 (9th Cir. Nov. 9, 2012); *United States v. Lawrence*, No. 11-4562, 2012 WL 5395798

(3d Cir. Nov. 6, 2012); *United States v. Montoya-Rodriguez*, No. 12-40134, 2012 WL 5377780

(5th Cir. Nov. 2, 2012).  Here, reading the district court's statement in the context of the entire

sentencing hearing, it is clear that it thought supervised release was necessary to provide added

deterrence because Garcia had already illegally returned to the country once and it doubted the

defendant's ability to "contain himself" from doing so again.[1]  This sufficiently informs the

defendant about the reasons for the sentence and satisfies the court's procedural obligations.[2]

*See Gonzalez-Alvarez*, 2012 WL 5462571, at *1 (finding a similar explanation sufficient where

the court said "I am trying my best to impose a sentence that will deter [the defendant] from

coming back, but I have no great confidence that it will, and I think supervised release is

necessary as an additional consequence to add to the deterrence." (internal quotation marks

omitted)).

---

[1]  The district court was also concerned about Garcia's violent criminal history and wanted to "protect[ ] the public from any future crime."  J. App'x at 82.  The court did not specifically mention this concern when imposing supervised release, but, looking at the sentencing hearing as a whole, Garcia should have been able to tell that it was another reason for the court's decision. The Fifth Circuit found a district court's explanation for imposing supervised release adequate where the court stressed the defendant's violent criminal history and danger to the community.  *See United States v. Lara-Espinoza*, No. 11-11180, 2012 WL 3984421 (5th Cir. Sept. 12, 2012).

[2]  However, where the crime at issue is not an immigration-related offense and the defendant does not have a history of illegal reentry into the United States or a particularly violent track record, a more detailed explanation on the part of the district court might be warranted. The new provision, after all, counsels that supervised release should *ordinarily* not be imposed where the defendant is likely to be deported, and courts should be careful to avoid rendering this new guideline completely meaningless.

4

Lastly, we cannot accept Garcia's contention that the district court was also required to explain how the imposition of supervised release would actually result in a marginal increase in deterrence. The new Guidelines "leav[e] within the discretion of the sentencing court the option of imposing supervised release in uncommon cases *where added deterrence and protection are needed.*" *United States v. Dominguez-Alvarado*, 695 F.3d 324, 329 (5th Cir. 2012) (emphasis added). The district court adequately explained why it thought added deterrence was needed in this case. Nothing more was required. We have considered Garcia's remaining arguments and find them to be without merit. Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK