12-4626-cr
United States v. Ruiz

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 11ᵗʰ day of March, two thousand fourteen.

Present:     ROBERT A. KATZMANN,
                          *Chief Judge*,
                  JOSÉ A. CABRANES,
                          *Circuit Judge*,
                  RICHARD M. BERMAN,
                          *District Judge.*[*]

_____

UNITED STATES OF AMERICA

                          *Appellee*,

                          v.                                    No. 12-4626-cr

JAVIER MOLINA, DANIEL SEMINARIO,

                          *Defendants,*

HERIBERTO RUIZ,

                          *Defendant-Appellant.*

_____

For Appellee:                    Jo Ann M. Navickas and Nathan D. Reilly, Assistant United
                                        States Attorneys, *for* Loretta E. Lynch, United States Attorney
                                        for the Eastern District of New York, Brooklyn, NY

_____

[*] The Honorable Richard M. Berman, United States District Judge for the Southern District of New York, sitting by designation.

For Defendant-Appellant:       Nicholas J. Pinto, New York, NY

Appeal from the United States District Court for the Eastern District of New York (Cogan, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,** and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Defendant-Appellant Heriberto Ruiz appeals from a November 15, 2012, judgment of conviction and sentence imposed by the United States District Court for the Eastern District of New York (Cogan, *J.*). The district court sentenced Ruiz principally to two concurrent terms of fifteen years' imprisonment after he pleaded guilty to both counts of a two-count indictment charging him with engaging in a conspiracy to possess with intent to distribute one kilogram or more of heroin and attempting to possess with intent to distribute one kilogram or more of heroin, both in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(i). On appeal, he contends that his sentence was procedurally and substantively unreasonable. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

We review criminal sentences for both procedural and substantive reasonableness "under a 'deferential abuse-of-discretion standard.'" *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). "A district court commits procedural error where it fails to calculate the Guidelines range . . . , makes a mistake in its Guidelines calculation, . . . treats the Guidelines as mandatory[,] . . . does not consider the [18 U.S.C.] § 3553(a) factors, . . . rests its sentence on a clearly erroneous finding of fact[,] . . . [or] fails adequately to explain its chosen sentence . . . ." *Id.* at 190 (citations omitted). Because Ruiz failed to preserve his claim of procedural unreasonableness below, we review his claim only for plain error. *See United States v. Alvarado*, 720 F.3d 153, 157 (2d Cir. 2013) (per curiam).

2

"The length of the sentence imposed is what is examined on substantive review." *United States v. Bonilla*, 618 F.3d 102, 108–09 (2d Cir. 2010). However, "we will not substitute our own judgment for the district court's on the question of what is sufficient to meet the [18 U.S.C.] § 3553(a) considerations in any particular case"; rather, we will "set aside a district court's substantive determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *Cavera*, 550 F.3d at 189 (emphasis and internal quotation marks omitted).

On appeal, Ruiz argues that one cannot reconcile the sentence imposed—which is five years longer than the statutory, ten-year mandatory minimum—with the district court's expressed concern that this high mandatory minimum prevented it from fully considering Ruiz's relationship with his family as a mitigating circumstance. Ruiz contends that the district court's failure to provide an explanation for this inconsistency is procedurally unreasonable, and its decision to impose a sentence above the mandatory minimum is substantively unreasonable because it cannot be rationally justified given the district court's comments.

Ruiz mischaracterizes the district court's concerns. At sentencing, the district court acknowledged that "because the statutory minimum is so high, . . . there is nothing I can do that will allow him to help raise his children or demonstrate a fatherly role towards them." J.A. 46. However, the district court made this comment in the context of explaining that it would not give this mitigating factor too much weight in light of Ruiz's inevitably long sentence, not in the context of expressing a desire to impose a lesser sentence. Moreover, in its discussion of the § 3553(a) factors, the district court also commented on the seriousness of the offenses to which Ruiz pleaded guilty, the significance of his role in providing substantial funds for the proposed

3

transaction, and the fact that Ruiz qualified as a career offender. Given this discussion, the district court engaged in sufficient consideration of the § 3553(a) factors in general, and Ruiz's personal circumstances in particular, to satisfy plain error review. *See United States v. Legros*, 529 F.3d 470, 477–78 (2d Cir. 2008).

Ruiz's sentence was also substantively reasonable. The 180-month sentence is 82 months below the bottom end of the advisory Guidelines range, and 60 months above the mandatory minimum. The district court's balancing of Ruiz's personal circumstances, his role in a serious offense, and his significant criminal record was reasonable in this case and did not result in a sentence that was "shockingly high, shockingly low, or otherwise unsupportable as a matter of law." *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009).

We have considered Ruiz's remaining arguments and find them to be without merit. For the reasons stated herein, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4