**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 14-4784**

─────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JOSE ADOLFO BENITEZ ALVARADO,

        Defendant - Appellant.

─────────────

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  J. Frederick Motz, Senior District
Judge.  (1:13-cr-00696-JFM-1)

─────────────

Submitted:  July 23, 2015          Decided:  August 27, 2015

─────────────

Before THACKER and HARRIS, Circuit Judges, and DAVIS, Senior
Circuit Judge.

─────────────

Vacated in part and remanded by unpublished per curiam opinion.

─────────────

James Wyda, Federal Public Defender, Meghan Skelton, Greenbelt,
Maryland, for Appellant.  Rod J. Rosenstein, United States
Attorney, Zachary A. Myers, Assistant United States Attorney,
Baltimore, Maryland, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jose Adolfo Benitez Alvarado pleaded guilty to illegal reentry of a removed alien, in violation of 8 U.S.C. § 1326(a), (b)(2) (2012). On appeal, Benitez Alvarado contends that the district court procedurally erred when it sentenced him to a three-year term of supervised release without a proper explanation. We agree, vacate the term of supervised release, and remand for further proceedings.

Benitez Alvarado is a native and citizen of El Salvador. In 2002, following a 2001 conviction for robbery, Benitez Alvarado was ordered removed from the United States and subsequently deported. He was removed from the United States a second time, in 2011. In 2013, Benitez Alvarado was arrested in Maryland and later convicted of reckless endangerment. The 2002 order of removal was never rescinded, and Benitez Alvarado was never given permission to reenter the United States.

Before Benitez Alvarado pleaded guilty to illegal reentry, he was informed that he could receive a sentence that included a period of supervised release. The presentence report ("PSR") recommended a Sentencing Guidelines range of 46 to 57 months' imprisonment. The PSR did not make a recommendation regarding supervised release, but it did reference U.S. Sentencing Guidelines Manual § 5D1.1 (regarding imposition of a term of supervised release).

Under USSG § 5D1.1(c), if supervised release is not required by statute and the defendant is an alien facing post-incarceration removal, a sentencing court "ordinarily should not impose a term of supervised release." U.S. Sentencing Guidelines Manual § 5D1.1(c). If the alien were to return illegally, deterrence and the need to protect the public are "adequately served by a new prosecution." § 5D1.1 cmt. n.5. "The court should, however, consider imposing a term of supervised release on such a defendant if the court determines it would provide an added measure of deterrence and protection based on the facts and circumstances of a particular case." Id.

At sentencing, the Government requested a Guidelines sentence of 52 months' imprisonment and 3 years' supervised release. As the Government began to acknowledge that supervised release under this circumstance was not generally advised, the district court interjected: "I do that anyway. It seems to me it's an additional incentive not to come back." J.A. 44.[1] Benitez Alvarado claimed his criminal history was overstated and requested a departure from his Criminal History Category, and a Guidelines range of 27 to 33 months. He did not specifically object to the imposition of supervised release. Nevertheless,

---

[1] Citations to the "J.A." refer to the Joint Appendix filed by the parties in this appeal.

3

he claimed that he had only returned to the United States in the past to be with his family, and that because his family has decided to move to El Salvador he would not be returning to the United States.

The district court partially credited Benitez Alvarado's argument for a lower sentence and reduced his Guidelines range to 41 to 51 months' imprisonment. The court then sentenced Benitez Alvarado to 41 months' imprisonment and 3 years' supervised release. Benitez Alvarado did not object to the imposition of supervised release.

The parties do not agree on the appropriate standard of review, Benitez Alvarado asserting that reasonableness review applies and the Government arguing for plain error review. In United States v. Aplicano-Oyuela, __ F.3d __, 2015 WL 4081258 (4th Cir. July 7, 2015), the Defendant was convicted of illegal reentry and faced deportation upon the completion of his sentence. At sentencing, he knew that the PSR included a recommendation that he serve a period of supervised release, and yet, while he argued for a below-Guidelines sentence, the Defendant did not object to the imposition of supervised release. The district court sentenced the Defendant to a term of imprisonment and a period of supervised release. On appeal, the Defendant claimed that the imposition of supervised release was both procedurally and substantively unreasonable. We

4

concluded that the Defendant did not properly preserve this particular sentencing issue and reviewed the issue for plain error. 2015 WL 4081258, at *4. In view of the similarity of these facts to the circumstances presented here, we will review Benitez Alvarado's claim for plain error.

To satisfy plain error review, Benitez Alvarado must establish that: (1) there is a sentencing error; (2) the error is plain; and (3) the error affects his substantial rights. See United States v. Olano, 507 U.S. 725, 731–32 (1993). If this test is satisfied, we must decide whether to cure the error "and should not do so unless the error 'seriously affects the fairness, integrity or public reputation of judicial proceedings.'" United States v. Hargrove, 625 F.3d 170, 184 (4th Cir. 2010) (quoting Olano, 507 U.S. at 736). An error is plain if it is "clear or obvious at the time of appellate consideration." United States v. Ramirez-Castillo, 748 F.3d 205, 215 (4th Cir. 2014) (citation and internal quotation marks omitted).

In Aplicano-Oyuela, we held that our review for procedural reasonableness of the imposition of supervised release in an illegal reentry case should include consideration of whether the sentencing court "(1) is aware of Guidelines section 5D1.1(c); (2) considers a defendant's specific circumstances and the § 3553(a) factors; and (3) determines that additional deterrence

is needed." 2015 WL 4081258, at *6 (citing <u>United States v.</u> <u>Alvarado</u>, 720 F.3d 153, 159 (2d Cir. 2013)). The record shows that here the court was aware of USSG § 5D1.1(c). But, when the Government first mentioned supervised release, the district court stated, "I do that anyway." J.A. 44. The court did not explain why the facts and circumstances of Benitez Alvarado's case warranted the "added measure of deterrence and protection" that a term of supervised release would provide. U.S. Sentencing Guidelines Manual § 5D1.1 cmt. n.5. Rather, in reference to Benitez Alvarado's claim that he would not return to the United States, the court stated, "I do understand that you and your family are trying to make arrangements for them to go to your home country rather than have you come here, and, in terms of that, I think there is a realistic chance that's what will happen." J.A. 54.

Because the district court implied that it always ordered supervised release on deportable aliens, while at the same time perceiving a realistic chance that Benitez Alvarado would not return to the United States, we conclude that the court failed to consider Benitez Alvarado's specific circumstances before it decided to impose supervised release. We also conclude that the court did not decide whether additional deterrence was needed "based on the facts and circumstances of [the] particular case."

U.S. Sentencing Guidelines Manual § 5D1.1 cmt. n.5. Accordingly, we conclude there was error and it was plain.[2]

Furthermore, we conclude that this error affected Benitez Alvarado's substantial rights. See United States v. Price, 777 F.3d 700, 712 (4th Cir. 2015) (holding Guidelines error affected defendant's substantial rights because he was sentenced to longer term of supervised release). Finally, given the court's finding of a realistic chance Benitez Alvarado would not return and that his criminal history was overstated, the record does not overwhelmingly support the finding that, had the court considered Benitez Alvarado's individual circumstances, it would have ordered supervised release. Cf. United States v. Promise, 255 F.3d 150, 161-64 (4th Cir. 2001) (en banc) (declining to notice plain error at sentencing because evidence overwhelmingly supported drug quantity). Therefore, we conclude that the error seriously affects the fairness, integrity, and public reputation of the judicial proceedings and should be corrected. See Price, 777 F.3d at 712.

---

[2] The district court, of course, did not have the benefit of our decision in Aplicano-Oyuela at the time of sentencing. Nevertheless, the Supreme Court has explained that an error may be plain even if the legal question was unsettled at the time of the district court's decision: "It is enough that an error be 'plain' at the time of appellate consideration for the second part of the four-part Olano test to be satisfied." Henderson v. United States, 133 S. Ct. 1121, 1130-31 (2013) (alterations omitted).

Accordingly, we vacate the term of supervised release and remand for resentencing in accordance with this opinion.[3] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>VACATED IN PART AND REMANDED</u>

---

[3] We express no opinion as to the propriety of supervised release in this case.