**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 15-4749**

———————————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

JOSE ADOLFO BENITEZ ALVARADO,

              Defendant - Appellant.

———————————

Appeal from the United States District Court for the District of
Maryland, at Baltimore.   J. Frederick Motz, Senior District
Judge.  (1:13-cr-00696-JFM-1)

———————————

Submitted:  May 19, 2016          Decided:   June 21, 2016

———————————

Before THACKER and HARRIS, Circuit Judges, and DAVIS, Senior
Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

James Wyda, Federal Public Defender, Meghan Skelton, Greenbelt,
Maryland, for Appellant.   Rod J. Rosenstein, United States
Attorney, Zachary A. Myers, Assistant United States Attorney,
Baltimore, Maryland, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jose Adolfo Benitez Alvarado (Benitez Alvarado) pled guilty to illegal reentry of a removed alien, in violation of 8 U.S.C. § 1326(a), (b)(2) (2012). On appeal, Benitez Alvarado claimed that the district court procedurally erred when it sentenced him to a three-year term of supervised release without a proper explanation. We vacated the term of supervised release and remanded for resentencing, expressing no opinion as to the propriety of supervised release. United States v. Benitez Alvarado, 622 F. App'x 215 (4th Cir. 2015) (No. 14-4784). At resentencing, the court imposed the same three-year term of supervised release. Benitez Alvarado appeals, arguing that the imposition of supervised release is both procedurally and substantively unreasonable. We disagree and affirm the district court's amended judgment.

Under U.S. Sentencing Guidelines Manual § 5D1.1(c) (2013), if supervised release is not required by statute and the defendant is an alien facing post-incarceration removal, as is Benitez Alvarado, a sentencing court "ordinarily should not impose a term of supervised release." If the alien were to return illegally, deterrence and the need to protect the public are "adequately served by a new prosecution." § 5D1.1 cmt. n.5. "The court should, however, consider imposing a term of supervised release on such a defendant if the court determines

2

it would provide an added measure of deterrence and protection based on the facts and circumstances of a particular case." Id. The Guidelines "do not foreclose the possibility of supervised release being imposed on removable aliens." United States v. Aplicano-Oyuela, 792 F.3d 416, 423 (4th Cir. 2015). If the sentencing court "(1) is aware of Guidelines section 5D1.1(c); (2) considers a defendant's specific circumstances and the [18 U.S.C.] § 3553(a) [(2012)] factors; and (3) determines that additional deterrence is needed, nothing more is required." Id. at 424 (internal quotation marks and alteration omitted).

"When reviewing a sentence for substantive reasonableness, we must 'take into account the totality of the circumstances, including the extent of any variance from the Guidelines range. If the sentence is within the Guidelines range, the appellate court may, but is not required to, apply a presumption of reasonableness.'" Id. at 425 (quoting Gall v. United States, 552 U.S. 38, 51 (2007)). "A defendant can only rebut the presumption by demonstrating that the sentence is unreasonable when measured against the § 3553(a) factors." Id. (internal quotation marks omitted).

Because Benitez Alvarado properly preserved the issue of whether the explanation was adequate, we review the imposition of supervised release for abuse of discretion. United States v. Lynn, 592 F.3d 572, 576 (4th Cir. 2010). Upon our review of the

record, we conclude that the district court's imposition of a three-year term of supervised release is both procedurally and substantively reasonable and not an abuse of discretion. The court was aware of USSG § 5D1.1(c), it considered Benitez Alvarado's specific circumstances and the § 3553(a) factors, and it determined that additional deterrence is needed. See Aplicano-Oyuela, 792 F.3d at 424.

Accordingly, we affirm the district court's amended judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

4