**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4227**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

JAIRO MENDEZ GARCIA,

                Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Raymond A. Jackson, District Judge. (2:14-cr-00155-RAJ-1)

Submitted: December 14, 2015      Decided: January 19, 2016

Before KING and FLOYD, Circuit Judges, and DAVIS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Geremy C. Kamens, Acting Federal Public Defender, Patrick L. Bryant, Appellate Attorney, Keith Loren Kimball, Assistant Federal Public Defender, Alexandria, Virginia, for Appellant. Melissa Elaine O'Boyle, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jairo Mendez Garcia pled guilty, without a plea agreement, to illegal reentry of a removed felon, in violation of 8 U.S.C. § 1326(a), (b)(1) (2012). The district court sentenced him to 36 months' imprisonment, a downward variance from the 41- to 51-month Sentencing Guidelines range, and imposed a 3-year term of supervised release. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but questioning the validity of Mendez Garcia's guilty plea and the reasonableness of the imposition of a term of supervised release. Although notified of his right to do so, Mendez Garcia did not file a pro se supplemental brief. Finding no reversible error, we affirm.

Counsel for Mendez Garcia questions whether omissions at the Fed. R. Crim. P. 11 hearing rendered the guilty plea invalid. Because Mendez Garcia did not assert in the district court any error in the plea proceedings or move to withdraw his guilty plea, we review the adequacy of his plea colloquy for plain error. United States v. Massenburg, 564 F.3d 337, 342 (4th Cir. 2009). To establish plain error, Mendez Garcia must demonstrate that the district court erred, the error was plain, and it affected his substantial rights. Henderson v. United States, 133 S. Ct. 1121, 1126 (2013). In the guilty plea

2

context, an error affects a defendant's substantial rights if he demonstrates a reasonable probability that he would not have pled guilty but for the error. Massenburg, 564 F.3d at 343. Even if these requirements are met, we will "correct the error only if it seriously affects the fairness, integrity or public reputation of judicial proceedings." United States v. Nicholson, 676 F.3d 376, 381 (4th Cir. 2012) (internal quotation marks omitted).

Our review of the record reveals that the district court substantially complied with the mandates of Rule 11 and that Mendez Garcia's substantial rights were unaffected by any omissions. We conclude that Mendez Garcia's guilty plea was knowing and voluntary.

Counsel for Mendez Garcia contends that the district court erred in imposing a term of supervised release because Mendez Garcia is a deportable alien. Under U.S. Sentencing Guidelines Manual § 5D1.1(c) (2014), a district court "ordinarily should not impose a term of supervised release in a case in which supervised release is not required by statute and the defendant is a deportable alien who likely will be deported after imprisonment." Id. However, the Advisory Notes clarify that the district court should "consider imposing a term of supervised release on such a defendant if the court determines it would provide an added measure of deterrence and protection

3

based on the facts and circumstances of a particular case." USSG § 5D1.1 cmt. n.5. Here, the district court and the parties recognized that Mendez Garcia would be deported, and the presentence report had expressly referenced USSG § 5D1.1(c), but no objection was made to the imposition of a term of supervised release. We therefore review for plain error Mendez Garcia's challenge to the imposition of a supervised release term. United States v. Aplicano-Oyuela, 792 F.3d 416, 422 (4th Cir. 2015).

The imposition of a term of supervised release on a deportable alien is reasonable if the "sentencing court (1) is aware of Guidelines section 5D1.1(c); (2) considers a defendant's specific circumstances and the [18 U.S.C.] § 3553(a) [(2012)] factors; and (3) determines that additional deterrence is needed." Aplicano-Oyuela, 792 F.3d at 424 (citing United States v. Alvarado, 720 F.3d 153, 159 (2d Cir. 2013)). We have reviewed the record with these standards in mind and find that the district court did not plainly err in imposing a term of supervised release on this defendant.

In accordance with Anders, we have reviewed the entire record for any meritorious grounds for appeal and have found none. Accordingly, we affirm the district court's judgment.

This court requires that counsel inform Mendez Garcia, in writing, of his right to petition the Supreme Court of the

4

United States for further review.  If Mendez Garcia requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on his client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED