13-4057-cr
*United States v. Cardona*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of May, two thousand fifteen.

PRESENT:
>ROBERT D. SACK,
>BARRINGTON D. PARKER,
>SUSAN L. CARNEY,
>>*Circuit Judges.*

_____

UNITED STATES OF AMERICA,

>*Appellee,*

>>v.                                No. 13-4057-cr

KEVIN CARDONA, AKA STALKER,

>*Defendant-Appellant,*

WILBER BAIRES, AKA DOOFY, JOSE BARRERA, AKA TRAVIESO, RUDY GUEMBES-LORENA, AKA DARKY, JOSE CELESTINO GUILLEN-RIVAS, AKA PIRATA, CARLOS HERNANDEZ, AKA MORRO, ABRAHAM IRAHETA, AKA LOBO, ALEX MACHADO, AKA NEGRO, CHRISTIAN MERINO, AKA CASPER, NELSON QUINTEROS, AKA SONIC,

*Defendants.*[*]

_____

FOR DEFENDANT-APPELLANT:        Eric P. Franz, Law Offices of Eric Franz,
                                P.L.L.C., New York, NY.

FOR APPELLEE:                   Susan Corkery and Darren A. LaVerne,
                                Assistant United States Attorneys, *for*
                                Loretta E. Lynch, United States Attorney
                                for the Eastern District of New York,
                                Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Kuntz, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on October 11, 2013, is **AFFIRMED**.

Defendant-Appellant Kevin Cardona stands convicted following a guilty plea of conspiracy to murder, in violation of 18 U.S.C. § 1959(a)(5). The District Court sentenced Cardona to 120 months' imprisonment—the statutory maximum under § 1959(a)(5) and a term at the upper end of his Sentencing Guidelines range—and three years' supervised release. On appeal, Cardona argues that his sentence was both procedurally and substantively unreasonable.

The government moved to dismiss the appeal on the ground that Cardona executed a plea agreement in which he agreed not to file an appeal or otherwise challenge his conviction or sentence if the term of imprisonment imposed was 120 months or below. On July 14, 2014, we granted the government's motion in part, dismissing Cardona's appeal with respect to his term of imprisonment. We denied the motion, however, with respect to Cardona's appeal from his term of supervised release, which we concluded is not covered by his waiver of appellate rights. *See United States v. Oladimeji*, 463 F.3d 152, 156–57 (2d Cir. 2006). On the present appeal, we therefore consider the reasonableness of only the three-year term of

---

[*] The Clerk of Court is respectfully directed to amend the official caption in this case to conform with the caption above.

supervised release. We assume the parties' familiarity with the underlying facts and procedural history, to which we refer only as necessary to explain our decision to affirm.

"When reviewing a sentence for reasonableness, we apply 'a deferential abuse-of-discretion standard.'" *United States v. Morrison*, 778 F.3d 396, 399 (2d Cir. 2015) (per curiam) (quoting *United States v. Conca*, 635 F.3d 55, 62 (2d Cir. 2011)). A district court commits procedural error in sentencing when it "fails adequately to explain the chosen sentence." *United States v. Robinson*, 702 F.3d 22, 38 (2d Cir. 2012). Cardona argues that the District Court's "brief explanation" for its imposition of a supervised release term was procedurally insufficient. Appellant's Br. at 39. Because Cardona did not raise this objection before the District Court, we review this claim for plain error. *United States v. Alvarado*, 720 F.3d 153, 157 (2d Cir. 2013) (per curiam).

The Sentencing Guidelines advise that a court "ordinarily should not impose a term of supervised release in a case in which supervised release is not required by statute and the defendant," like Cardona, "is a deportable alien who likely will be deported after imprisonment." USSG § 5D1.1(c). But while imposing a term of supervised release is "ordinarily discouraged" in cases like Cardona's, it "is appropriate . . . if the district court finds that supervised release would provide an added measure of deterrence and protection based on the facts and circumstances of a particular case." *Alvarado*, 720 F.3d at 155, 160 (internal quotation marks omitted).

Here, after the sentence was pronounced, defense counsel requested that the District Court articulate its reasons for imposing "the added measure" of supervised release "so the record can be complete." App. 93. The Court explained as follows:

> Membership in one of the most violent and notorious gangs in the United States of America. Membership in MS-13 which has been placed on a terrorist list by the Attorney General. Systemically reaching out to try to murder someone; having a shank or a shiv in his prison cell; making the kinds of choices that lead to dangerous racketeering, death, and violence upon the citizens of this country.

*Id.* at 93–94. Cardona insists that this explanation fails "to distinguish Cardona's offense conduct from that of any other individual who pleads guilty to murder in aid of

3

racketeering." Appellant's Br. at 39. We disagree. The District Court explained the specific facts and circumstances of Cardona's case—his gang membership, his prison conduct—that led it to conclude that a term of supervised release was appropriate. Although we have encouraged district courts "explicitly to link" a decision sentencing a deportable alien to a term of supervised release to a finding that additional deterrence and protection are necessary, the District Court's failure to do so here, when it cited considerations bearing directly on such needs, does not constitute plain error. *Alvarado*, 720 F.3d at 158. Thus, the imposition of a three-year term of supervised release was not procedurally unreasonable.

Nor was it substantively unreasonable. "We will set aside sentences as substantively unreasonable only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *United States v. Thavaraja*, 740 F.3d 253, 259 (2d Cir. 2014) (internal quotation marks omitted). The Sentencing Guidelines contemplate that it may be appropriate to sentence a deportable alien to a term of supervised release based on the particular circumstances of the case. And given the crime for which Cardona was convicted, the length of the supervised release term falls well "within the range of permissible decisions." *Id.*; *see also* USSG § 5D1.2(a)(2) (suggesting a supervised release term of between one and three years for a defendant convicted of a Class C felony, which includes a conviction under 18 U.S.C. § 1959(a)(5)).

We have considered Cardona's remaining arguments and find them to be without merit. For the reasons set out above, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court