16-4262-cr
*United States v. Bernard*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of November, two thousand seventeen.

PRESENT:   JON O. NEWMAN,
           JOSÉ A. CABRANES,
                    *Circuit Judges,*
           ROBERT N. CHATIGNY,
                    *District Judge.*[*]

---

UNITED STATES OF AMERICA,

     *Appellee,*        16-4262-cr

     v.

PEDRO BERNARD,

     *Defendant-Appellant.*

---

**FOR APPELLEE:**         Timothy V. Capozzi, Anna M. Skotko,
              Assistant United States Attorneys, *for* Joon
              H. Kim, Acting United States Attorney
              for the Southern District of New York,
              New York, NY.

---

[*] Judge Robert N. Chatigny, of the United States District Court for the District of Connecticut, sitting by designation.

**FOR DEFENDANT-APPELLANT:**                    Philip L. Weinstein, Federal Defenders of
                                                New York, Inc., New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Lewis A. Kaplan, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the December 21, 2016 judgment of the District Court be and hereby is **AFFIRMED**.

Defendant-appellant Pedro Bernard ("Bernard") appeals from a December 21, 2016 judgment finding that he admitted to violating the terms of his supervised release, revoking his supervised release, and sentencing him to 23 months and 20 days in prison. On appeal, Bernard argues that the revocation proceedings did not conform to Federal Rule of Criminal Procedure 32.1[1] because the District Court failed explicitly to ask whether he was pleading guilty to violating the terms of his supervised release. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Because Bernard did not raise this objection in the proceedings in the District Court, we review for plain error. *United States v. Alvarado*, 720 F.3d 153, 157 (2d Cir. 2013). To carry this burden, Bernard must show that "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Marcus*, 560 U.S. 258, 262 (2010) (alteration and internal quotation marks omitted).

We conclude that the District Court committed no error, much less a plain error. Neither Federal Rule of Criminal Procedure 32.1 nor due process requires a court explicitly to ask a defendant "How do you plead?" at a revocation hearing. *See United States v. Pelensky*, 129 F.3d 63, 68 (2d Cir. 1997) (stating that "most of the fundamental constitutional procedural protections that are normally applicable to a criminal prosecution are not required for supervised-release proceedings as a matter of constitutional law" (internal quotation marks omitted)); *United States v. Grandia*, 18 F.3d 184, 187 (2d Cir. 1994) (rejecting argument that under Rule 11 a district court must specifically ask defendant "How do you plead?"). In any event, when the District Court asked Bernard whether he

---

[1] Federal Rule of Criminal Procedure 32.1(b)(2) provides that, at a revocation hearing, a defendant "is entitled to: (A) written notice of the alleged violation; (B) disclosure of the evidence against the person; (C) an opportunity to appear, present evidence, and question any adverse witness . . . ; (D) notice of the person's right to retain counsel or to request that counsel be appointed . . . ; and (E) an opportunity to make a statement and present any information in mitigation."

had "pled guilty to specifications 3, 4, and 7," he responded "Yes." Also, the Government submitted for "the parties" a Sentencing Letter stating that he had "entered a plea of guilty to specification numbers 3, 4, and 7." Accordingly, the revocation proceedings conformed to Rule 32.1 and the District Court did not commit any error, "plain" or otherwise.

## CONCLUSION

We have reviewed all of the arguments raised by Bernard on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the December 21, 2016 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk