16-2995-cr
*United States v. Ahlijah*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of October, two thousand eighteen.

PRESENT:    JOHN M. WALKER, JR.,
            DENNY CHIN,
                    *Circuit Judges*,
            JOHN F. KEENAN,
                    *District Judge.*\*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
            *Appellee*,

                    v.                                    16-2995-cr

DICKSON KUMANKUMAH,
            *Defendant*,

FERDINAND AGBEKO AHLIJAH,
            *Defendant-Appellant*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

\*        Judge John F. Keenan, of the United States District Court for the Southern District of New York, sitting by designation.

FOR APPELLEE:                              ANDREW D. BEATY, Assistant United
                                          States Attorney (Won S. Shin, Daniel B.
                                          Tehrani, Assistant United States
                                          Attorneys, *on the brief*), *for* Geoffrey S.
                                          Berman, United States Attorney for the
                                          Southern District of New York, New
                                          York, New York.

FOR DEFENDANT-APPELLANT:                   HARRY SANDICK (Michael N. Fresco,
                                          *on the brief*), Patterson Belknap Webb &
                                          Tyler LLP, New York, New York.

Appeal from the United States District Court for the Southern District of New York (Daniels, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-appellant Ferdinand Agbeko Ahlijah appeals from a judgment entered August 17, 2016, convicting him of one count of conspiracy to import one kilogram or more of heroin into the United States, in violation of 21 U.S.C. § 963, and one count of conspiracy to distribute or possess with the intent to distribute one kilogram or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. The district court sentenced Ahlijah principally to 86 months' imprisonment and three years' supervised release.  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Between 2011 and June 2014, Ahlijah traveled from Ghana to the United States on multiple occasions, smuggling several kilograms of heroin into the country for

2

distribution. On June 11, 2014, customs officials stopped Ahlijah at John F. Kennedy Airport. They took him to the airport's medical facility, where an x-ray examination revealed pellets inside his abdomen. Ahlijah admitted to knowing that the pellets contained heroin. Eventually, they recovered some 100 pellets containing more than one kilogram of heroin that he had been hiding in his body. Ahlijah then assisted law enforcement for approximately three days by making recorded calls to his supply source in Ghana, whom he referred to as "Uncle," and to co-defendant Dickson Kumankumah. Ahlijah's calls led to a controlled delivery to Kumankumah and to Kumankumah's arrest.

On August 6, 2014, a federal grand jury indicted Ahlijah and Kumankumah on the two counts. Kumankumah eventually pled guilty to the importation charge, while Ahlijah proceeded to trial. On April 13, 2016, after a three-day trial, the jury convicted Ahlijah on both counts.

The presentence investigation report (the "PSR") calculated Ahlijah's Guidelines range of imprisonment to be 97-121 months, based on a total offense level of 30 and a criminal history of category I. The PSR noted that it used the 2015 Guidelines Manual. Ahlijah requested a mitigating role reduction under Guidelines § 3B1.2 based on his minimal participation in the criminal offense. In response, the government argued that no such downward adjustment was warranted and instead sought an obstruction of justice enhancement.

3

On August 17, 2016, the district court sentenced Ahlijah. The court confirmed that Ahlijah had reviewed the PSR. Ahlijah had no objections to the PSR's factual recitations. After rejecting the government's request for an obstruction of justice enhancement, the court adopted the findings of fact and Guidelines range contained in the PSR. The court imposed two concurrent terms of 86 months' imprisonment followed by two concurrent terms of three years' supervised release and explained its reasoning for its sentence.

On appeal, Ahlijah challenges both the procedural and substantive reasonableness of his sentence. He argues that the sentence is procedurally unreasonable because the district court "appears to have relied on" an outdated Guidelines provision with respect to his role in the offense. Def.-Appellant's Br. 22. He also argues that the sentence of 86 months' imprisonment -- a below-Guidelines sentence -- is substantively unreasonable given his lack of criminal history, extensive post-arrest cooperation, minimal role in the offense, and the substantially shorter sentence imposed on his more culpable co-defendant.

We review sentencing decisions for procedural and substantive reasonableness. *See United States v. Cavera*, 550 F.3d 180, 187 (2d Cir. 2008) (en banc); *United States v. Verkhoglyad*, 516 F.3d 122, 127 (2d Cir. 2008). We apply a "deferential abuse-of-discretion" standard to both procedural and substantive review. *Cavera*, 550 F.3d at 189 (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). A district court

4

"commits procedural error where it fails to calculate the Guidelines range (unless omission of the calculation is justified), makes a mistake in its Guidelines calculation, . . . treats the Guidelines as mandatory[,] . . . does not consider the § 3553(a) factors, or rests its sentence on a clearly erroneous finding of fact." *Id.* at 190 (citations omitted). A sentence is substantively unreasonable if it "cannot be located within the range of permissible decisions," *id.* (quoting *United States v. Rigas*, 490 F.3d 208, 238 (2d Cir. 2007)), that is, a sentence is substantively unreasonable if it "shock[s] the conscience," constitutes a "manifest-injustice," or is otherwise substantively unreasonable, *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009)). It is "difficult to find that a below-Guidelines sentence is unreasonable," because "in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *United States v. Perez-Frias*, 636 F.3d 39, 43 (2d Cir. 2011) (internal quotation marks and brackets omitted).

Because Ahlijah did not challenge the procedural reasonableness of his sentence in the lower court, we review the challenge on appeal for plain error. *See United States v. Alvarado*, 720 F.3d 153, 157 (2d Cir. 2013) (per curiam). "A finding of 'plain error' requires that: (1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court

5

proceedings; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id*.

The district court did not commit plain error in determining its sentence. It is neither clear nor obvious that the court used an outdated, incorrect version of the Guidelines in denying Ahlijah's request for a mitigating role reduction. The Probation Office clearly stated that its calculations were based on the 2015 Guidelines, the then-current version, which included the revised commentary to § 3B1.2 on which Ahlijah now relies, and the court explicitly adopted the PSR's calculations. Both parties made arguments consistent with the correct version of the Guidelines in their sentencing submissions and at the sentencing hearing. In determining relative culpability in the criminal activity, for instance, they properly compared Ahlijah to his co-conspirators and not to "the universe of persons participating in similar crimes." U.S.S.G. app. C, amend. 794. Contrary to Ahlijah's claim on appeal, the court never suggested that it viewed the government's argument that Ahlijah "played an integral role" to be dispositive. Rather, the court correctly considered the extent of Ahlijah's involvement as one of several factors, enumerated in 18 U.S.C. § 3553(a) and the post-Amendment 794 Guidelines § 3B1.2 commentary, relevant to crafting an appropriate sentence. Accordingly, Ahlijah has not demonstrated any error, let alone plain error, and his sentence is procedurally reasonable.

We further find the sentence substantively reasonable. "The particular weight to be afforded aggravating or mitigating factors is a matter firmly committed to the discretion of the sentencing judge." *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012) (internal quotation marks omitted). The district court carefully considered both parties' arguments made in their written submissions and during the sentencing hearing, as well as factors such as Ahlijah's age and the nature of his activity, before concluding that Ahlijah was involved in "very serious, illegal conduct" on "more than one occasion" because of his "own desire to profit." App. 553-54. The court imposed a below-Guidelines sentence of 86 months' imprisonment that took into account Ahlijah's initial cooperation with the government, and yet was still "substantial" enough to accomplish the goals of sentencing.

Nor are we persuaded that Ahlijah's sentence was substantively unreasonable because his co-conspirator, Kumankumah, received only an 18-month sentence. *See United States v. Wills*, 476 F.3d 103, 110 (2d Cir. 2007) (section 3553(a) "does not *require* district courts to consider sentencing disparity among co-defendants," although disparities may be considered) (emphasis added)). Ahlijah and Kumankumah were not similarly situated. Kumankumah fully proffered with the government, pleaded guilty, and was more advanced in age. The sentencing disparity therefore does not render Ahlijah's sentence substantively unreasonable.

We have considered Ahlijah's remaining arguments and find them to be without merit.  Accordingly, we **AFFIRM** the district court's judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court