**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4685**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

      v.

WILLIAM RODOLFO GODINEZ-HERRERA, a/k/a Ramon Isias Rodriguez
Samayoa, a/k/a Ramon Rodriguez, a/k/a Romon Rodriguez, a/k/a Ramon
Rodriguez-Samauoa, a/k/a Ramon Rodriguez-Samayoa, a/k/a Ramon Isais
Rodriquez Samayoa, a/k/a William C. Codinez, a/k/a William R. Codinez, a/k/a
Ramon Isaias Rodriguez Samayoa, a/k/a Ramon Isaias Rodriguez-Samayoa, a/k/a
William Rodolf Godinez-Herrera,

          Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at
Alexandria. Leonie M. Brinkema, District Judge. (1:18-cr-00247-LMB-1)

Submitted: April 12, 2019                      Decided: May 7, 2019

Before KING and RICHARDSON, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Geremy C. Kamens, Federal Public Defender, Frances H. Pratt, Assistant Federal Public
Defender, Cadence A. Mertz, Assistant Federal Public Defender, OFFICE OF THE
FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant. G. Zachary
Terwilliger, United States Attorney, Nicholas Murphy, Assistant United States Attorney,
Joel Feil, Special Assistant United States Attorney, OFFICE OF THE UNITED STATES

ATTORNEY, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Rodolfo Godinez-Herrera ("Godinez-Herrera") pled guilty, without a plea agreement, to illegal reentry or removal subsequent to a felony conviction, in violation of 8 U.S.C. § 1326(a), (b)(1) (2012). The district court sentenced Godinez-Herrera to 16 months in prison to be followed by 3 years of supervised release. Godinez-Herrera appeals, challenging the reasonableness of the imposition of a term of supervised release. Finding no reversible error, we affirm.

Godinez-Herrera contends that the district court erred in imposing a term of supervised release because he is a deportable alien and that the court further erred in failing to adequately explain the supervised release sentence. Under U.S. Sentencing Guidelines Manual § 5D1.1(c) (2016), a district court "ordinarily should not impose a term of supervised release in a case in which supervised release is not required by statute and the defendant is a deportable alien who likely will be deported after imprisonment." *Id*. However, the Advisory Notes clarify that the district court should "consider imposing a term of supervised release on such a defendant if the court determines it would provide an added measure of deterrence and protection based on the facts and circumstances of a particular case." USSG § 5D1.1 cmt. n.5.

Here, the district court and the parties recognized that Godinez-Herrera would be deported, and the presentence report had expressly referenced USSG § 5D1.1(c), but no objection was made to the imposition of a term of supervised release. We therefore review for plain error Godinez-Herrera's challenge to the imposition of a supervised release term. *United States v. Aplicano-Oyuela*, 792 F.3d 416, 422 (4th Cir. 2015).

3

The imposition of a term of supervised release on a deportable alien is reasonable if the "sentencing court (1) is aware of Guidelines section 5D1.1(c); (2) considers a defendant's specific circumstances and the [18 U.S.C.] § 3553(a) [(2012)] factors; and (3) determines that additional deterrence is needed." *Aplicano-Oyuela*, 792 F.3d at 424 (citing *United States v. Alvarado*, 720 F.3d 153, 159 (2d Cir. 2013)). We have reviewed the record with these standards in mind and find that the district court did not plainly err in imposing a term of supervised release on this defendant.

Accordingly, we affirm Godinez-Herrera's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*