18-3690-cr
*United States v. Henry T. Dean, III*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of January, two thousand twenty.

PRESENT:    ROBERT D. SACK,
            DENNY CHIN,
            JOSEPH F. BIANCO,
                    *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,

                    *Appellee,*

        v.                                    18-3690-cr

HENRY T. DEAN, III,

                    *Defendant-Appellant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR APPELLEE:                    TIFFANY H. LEE, Assistant United States
                                Attorney, *for* James P. Kennedy, Jr., United
                                States Attorney for the Western District of New
                                York, Rochester, New York.


FOR DEFENDANT-APPELLANT:         DEVIN MCLAUGHLIN, Langrock Sperry &
                                Wool, LLP, Middlebury, Vermont.

Appeal from the United States District Court for the Western District of New York (Wolford, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Defendant-appellant Henry T. Dean, III appeals from a judgment entered December 6, 2018, after a guilty plea, convicting him of wire fraud in violation of 18 U.S.C. § 1343. The district court sentenced Dean principally to 36 months' imprisonment, to be followed by three years of supervised release. On appeal, Dean challenges the reasonableness of his sentence. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Between September 2014 and October 2016, Dean engaged in a scheme to defraud individuals who wanted to rent vacation property located in the Western District of New York. Dean advertised two vacation rentals, the Finger Lakes Guest House ("FLGH") and the Watkins Glen Guest House ("WGGH"), on various rental websites. Dean encouraged customers to book ahead although he assured them that they could cancel the reservation and receive a full refund up to 60 days prior to arrival.

In March 2016, the New York State Police (the "NYSP") initiated an investigation in response to complaints that Dean was providing false information in online advertisements regarding FLGH in Schuyler County, and refusing to return renters' money after they determined the rental was uninhabitable. Victims from

2

different states had contacted local law enforcement in 2016 after not receiving money back from Dean.  On March 10, 2016, NYSP Investigators discovered that FLGH was still under construction, despite its online listing describing the property as a large vacation rental containing 10 bedrooms and 9 bathrooms with numerous amenities, including a six-person hot tub, a fish pond, several waterfalls and streams, and three ovens in the kitchen, none of which were found by the investigators.  As for WGGH, Dean also made blatant misrepresentations about the property, inducing victims to submit deposits, which he refused to refund when reservations were cancelled.  In total, some 23 individual victims were thus defrauded of approximately $137,272.

On March 19, 2018, Dean pleaded guilty to Count 10 of the superseding indictment, which charged him with wire fraud in violation of 18 U.S.C. § 1343.  The plea agreement contained a Guideline sentence of 15 to 21 months' imprisonment.  The presentence investigation report (the "PSR") similarly calculated Dean's Guideline range of imprisonment to be 15 to 21 months.  The PSR also noted that both Dean and the government reserved the right to recommend a sentence outside the Sentencing Guidelines range.

On December 3, 2018, the district court sentenced Dean principally to 36 months' imprisonment, to be followed by a three-year term of supervised release, and restitution in the amount of $119,473.93.  On appeal, Dean argues that the sentence imposed by the district court is procedurally unreasonable because the court (1) failed

3

to adequately consider the Sentencing Guidelines, (2) considered uncharged conduct, and (3) failed to consider Guidelines instructions governing financial losses. He also argues that the sentence is substantively unreasonable because the upward variance was imposed without justification.

## STANDARD OF REVIEW

"We review sentencing decisions for procedural and substantive reasonableness." *United States v. Eaglin*, 913 F.3d 88, 94 (2d Cir. 2019). We apply a "deferential abuse-of-discretion standard" to both procedural and substantive review. *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). "A district court commits procedural error where it fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the . . . Guidelines as mandatory, fails to consider the [18 U.S.C.] § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence." *United States v. Robinson*, 702 F.3d 22, 38 (2d Cir. 2012) (citation omitted). In analyzing the substantive reasonableness of a sentence, this Court "will identify as substantively unreasonable only those sentences that are so shockingly high, shockingly low, or otherwise unsupportable as a matter of law that allowing them to stand would damage the administration of justice." *United States v. Singh*, 877 F.3d 107, 115 (2d Cir. 2017) (citation and internal quotation marks omitted).

4

Because Dean did not raise his arguments during the sentencing proceeding, we review Dean's procedural reasonableness challenge under the plain error standard. *United States v. Alvarado*, 720 F.3d 153, 157 (2d Cir. 2013) (per curiam) ("Where, as here, a defendant contests the procedural reasonableness of his sentence on appeal, but did not raise his objections before the district court, we review for plain error.").[1]

## *DISCUSSION*

I.      *Procedural Reasonableness*

The district court did not commit plain error in imposing Dean's sentence. First, the district court adequately considered the § 3553(a) factors, as the record shows that the district court examined the Guidelines' treatment of Dean's offense in the context of his conduct with the victims, and accounted for Dean's mitigating circumstances. For example, the district court stated specific reasons for its decision, characterizing Dean's "criminal history" as "rather significant, in terms of the number of offenses or convictions," and noting that he "intentionally accept[ed] money based on false pretenses and false representations when under no reasonable view of the facts [was he] going to be able to deliver what was promised." App'x at 82, 87. The district

---

[1]      On the substantive reasonableness challenge, this Court has "not decided whether plain error review applies to an unpreserved challenge to the substantive reasonableness of a sentence." *See United States v. Thavaraja*, 740 F.3d 253, 258 n.4 (2d Cir. 2014). We need not resolve that issue here because Dean's challenge fails on the merits.

court also emphasized that Dean's criminal scheme was not an isolated incident and that the sentence imposed needed to "reflect the seriousness of the offense, . . . afford adequate deterrence to criminal conduct and protect the public from any further crimes that [Dean] might commit."  App'x at 87.

Second, the district court committed no procedural error in addressing the new allegations of fraud raised by the government at sentencing.  Although the district court accepted the fact that additional individuals called the U.S. Attorney's Office and asserted that Dean defrauded them, the district court explicitly stated three times during the sentencing proceeding that it would not consider the substance of these disputed allegations of fraud because the allegations were unproven.  *See* App'x at 67 ("And I can tell you, I'm not going to consider that in connection with sentencing because the fact of the matter is, I don't have any way to determine the veracity of the complaints . . . ."); *see also* App'x at 51, 66.  By stating that it would not consider these new allegations at sentencing, the district court clearly followed the proper procedure for resolving this disputed issue.  *See* Fed. R. Crim. P. 32(i) ("At sentencing, the court . . . must -- for any disputed portion of the presentence report or other controverted matter -- rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing . . . .").

Third, the district court did not commit procedural error in not considering the Guidelines' instruction for departures in financial loss cases, pursuant to U.S.S.G. § 2B1.1. This provision, and its relevant instructions, applies to sentencing departures, not variances. As a result, it is inapplicable here because the district court imposed an upward variance, not an upward departure.[2] Even if the instruction for departures in financial loss cases informed the sentence fashioned by the district court, that Guideline instruction provides a non-exhaustive list of grounds that may justify a higher sentence. Additional grounds not listed may also justify a higher sentence.

Accordingly, Dean has not demonstrated any error, let alone plain error, and his sentence was procedurally reasonable.

## II.    *Substantive Reasonableness*

We further conclude that Dean's sentence was substantively reasonable. When a district court deviates from an advisory Guidelines range, it must consider the "extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Cavera*, 550 F.3d at 189 (quoting *Gall*, 552 U.S. at 50). Here, the degree of the upward variance is not "shockingly high." *Singh*, 877 F.3d at 115. The district court properly considered the nature and circumstances of the

---

[2]    In a non-precedential summary order, this Court has rejected a similar argument. *See, e.g.*, *United States v. McGowan*, 315 F. App'x 338, 342 (2d Cir. 2009) (summary order) ("because the court imposed a non-Guidelines sentence, McGowan's argument that the court failed to follow the procedures applicable to departures under U.S.S.G. § 4A1.3 is unavailing").

crime, and Dean's history and characteristics, in explaining its decision to impose an upward variance. The district court carefully considered the extent of the deviation and justified the 15-month variance based upon the § 3553(a) factors, including Dean's "danger to the community," his "risk of recidivism," his "efforts to minimize the fraudulent conduct," and the "inexcusable harm" caused to the "[victims], all of which the court was entitled to consider." App'x at 93; *see Wasman v. United States*, 468 U.S. 559, 563 (1984) ("The sentencing court . . . must be permitted to consider any and all information that reasonably might bear on the proper sentence for the particular defendant, given the crime committed."). Accordingly, we conclude that Dean's sentence was substantively reasonable.

\* \* \*

We have considered Dean's remaining arguments and conclude they are without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk