19-1772-cr
*United States v. Herrera-Cruz*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## **SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of May, two thousand twenty.

PRESENT:    DENNY CHIN,
            SUSAN L. CARNEY,
            STEVEN J. MENASHI,
                  *Circuit Judges*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
                  *Appellee*,

            -v-                                    19-1772-cr

FIDEL HERRERA-CRUZ,
                  *Defendant-Appellant*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR APPELLEE:              Carina H. Schoenberger, Assistant United
                           States Attorney, *for* Grant C. Jaquith, United
                           States Attorney for the Northern District of
                           New York, Syracuse, New York.

FOR DEFENDANT-APPELLANT:      James P. Egan, Assistant Federal Public Defender, *for* Lisa A. Peebles, Public Defender for the Northern District of New York, Syracuse, New York.

Appeal from the United States District Court for the Northern District of New York (Suddaby, *C. J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED.**

Defendant-appellant Fidel Herrera-Cruz appeals from a judgment entered June 11, 2019 convicting him, following a guilty plea, of one count of illegal reentry in violation of 8 U.S.C. § 1326(a). The district court sentenced him to five months' imprisonment to be followed by one year of supervised release. On appeal, Herrera-Cruz argues that the district court abused its discretion in imposing conditions of supervised release that are impossible for him to comply with outside of the United States or that fail to serve the purpose of preventing illegal reentry. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Herrera-Cruz is a Mexican citizen who does not have legal immigration status in the United States. On February 24, 2019, Herrera-Cruz was arrested after he was caught illegally entering the Northern District of New York from Canada. On April 3, 2019, Herrera-Cruz appeared before the district court, waived indictment, and pled guilty to one count of illegal reentry.

2

Each party submitted a memorandum in advance of the sentencing hearing scheduled for June 11, 2019. The government advocated for a Guidelines term of imprisonment followed by one year of supervised release, arguing that Herrera-Cruz's repeated efforts to cross the border, resulting in two removal orders in the previous year alone, justified the "added measure of deterrence and protection" that supervised release would provide. App'x at 41. Herrera-Cruz asked for a sentence of time served with no supervision, arguing that supervised release was a waste of resources and not a useful deterrent because even if he attempted reentry again, "deterrence would be satisfied through a new prosecution . . . which would result in greater penalties than the instant prosecution." App'x at 48.

The district court agreed with the Government on both issues and imposed five months' imprisonment and one year of supervised release. The district court acknowledged that supervision was not required by statute, but it found that Hererra-Cruz had "demonstrated the need for additional deterrence," given his "continued persistence in entering this country illegally." App'x at 61; *see also United States v. Alvarado*, 720 F.3d 153, 158 (2d Cir. 2013) (district court may impose supervised release on defendant facing deportation where it finds that "an added measure of deterrence and protection" is needed (*quoting* United States Sentencing Guidelines § 5D1.1, cmt. n. 5)). The district court went on to impose twenty-one conditions of supervised release, including the mandatory conditions, the standard conditions, and

3

two special conditions:  first, that if Herrera-Cruz were to be deported, he "shall not enter or attempt to enter the United States without . . . permission . . .";  and second, that if he did reenter the United States, he "shall report to and remain in contact and cooperate with the Bureau of Immigration and Customs Enforcement."  App'x at 62. Although Herrera-Cruz objected to the imposition of supervised release, he did not object to any of the conditions, and they were incorporated into the judgment entered by the district court on June 13, 2019.

Herrera-Cruz filed his notice of appeal on June 17, 2019.  He completed his term of imprisonment on July 26, 2019 and was deported from the United States on September 3, 2019.

## DISCUSSION

We dismiss Herrera-Cruz's appeal without prejudice because it is moot. "Article III of the Constitution limits federal-court jurisdiction to 'cases' and 'controversies.'"  *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 669 (2016) (quoting U.S. Const. art. III, § 2).  For an appeal to satisfy the case or controversy requirement, an appellant must "have an actual injury which is likely to be redressed by a favorable judicial decision."  *United States v. Mercurris*, 192 F.3d 290, 293 (2d Cir. 1999).  Claims that fail to satisfy Article III are moot and must be dismissed.  *Campbell-Ewald*, 136 S. Ct. at 669.

4

Although "[a] criminal case does not necessarily become moot when the convict finishes serving the sentence," *Mercurris*, 192 F.3d at 293, deportation can render an appeal of a sentence moot in certain circumstances. In *Mercurris*, we considered the appeal of a defendant who completed his prison term and was deported during his term of supervised release, while his appeal of his sentence was pending. *Id.* The *Mercurris* defendant argued that his appeal was not moot because the challenged sentence, which included a finding that he was an aggravated felon, could have adverse immigration consequences for him if he were ever to return legally to the United States. *Id.* at 294. We rejected the argument, holding that because the defendant had "only a quixotic chance of legally returning to the United States, the possibility that his aggravated felon status could make a difference to him under the immigration statutes [was] too speculative to create an Article III case or controversy" and his appeal was moot. *Id.*

For the purpose of mootness, Herrera-Cruz's sentencing appeal is essentially indistinguishable from *Mercurris* and consequently too speculative to present a case or controversy.[1] Herrera-Cruz has been deported and he makes no representation that he has a realistic chance of legally returning to the United States

[1] We have since clarified that our holding in *Mercurris* does not extend to appeals made by defendants subject to deportation who have not yet been deported, *see United States v. Mazza-Alaluf*, 621 F.3d 205, 213 (2d Cir. 2010), or to sentencing appeals filed by the Government, *see United States v. Suleiman*, 208 F.3d 32, 37 (2d Cir. 2000). Neither scenario, however, is presented here.

before July 26, 2020 (less than three months from now), when his term of supervision will expire. As a result, the chances that he will ever face consequences for noncompliance with the conditions of supervised release he challenges on this appeal are wholly speculative. Because Herrera-Cruz's claims do not present a case or controversy, his appeal is moot. We accordingly dismiss for lack of jurisdiction.

*  *  *

We have considered Herrera-Cruz's remaining arguments and conclude they are without merit. For the foregoing reasons, the appeal is **DISMISSED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6