18-1367-cr
*United States of America v. Martinez-Perez*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of April, two thousand nineteen.

PRESENT:   RICHARD C. WESLEY,
           DENNY CHIN,
                     *Circuit Judges,*
           LEWIS A. KAPLAN,
                     *District Judge.*[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
                     *Appellee,*

                     v.                                    18-1367-cr

BAYRON HEBERTO MARTINEZ-PEREZ, AKA
BAYRON HERBERTO MARTINEZ-PEREZ,
                     *Defendant-Appellant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

[*]     Judge Lewis A. Kaplan of the Southern District of New York, sitting by designation.

FOR APPELLEE:                           Paul D. Silver, Assistant United States
                                        Attorney, *for* Grant C. Jaquith, United States
                                        Attorney for the Northern District of New
                                        York, Albany, New York.


FOR DEFENDANT-APPELLANT:                James P. Egan *and* Melissa A. Tuohey,
                                        Assistant Federal Public Defenders, *for* Lisa A.
                                        Peebles, Federal Public Defender, Syracuse,
                                        New York.

Appeal from the United States District Court for the Northern District of New York (Suddaby, *C. J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Defendant-appellant Bayron Heberto Martinez-Perez appeals from a judgment of conviction, entered April 30, 2018, following his guilty plea to one count of illegal re-entry of a removed alien, in violation of 8 U.S.C. § 1326(a). Martinez-Perez waived the formal presentence report procedure, and the government did not object. The district court proceeded to sentence Martinez-Perez immediately following his guilty plea, imposing a sentence of five months' imprisonment and one year's supervised release. On appeal, Martinez-Perez challenges the district court's imposition of the one-year term of supervised release as procedurally unreasonable. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

## I. Standard of Review

Martinez-Perez did not object to the imposition of the term of supervised release during his sentencing. Where a defendant did not object to the reasonableness of his sentence before the district court, we review the district court's decision for plain error. *United States v. Verkhoglyad*, 516 F.3d 122, 128 (2d Cir. 2008); *United States v. Villafuerte*, 502 F.3d 204, 207 (2d Cir. 2007). "To establish plain error, the defendant must establish (1) error (2) that is plain and (3) affects substantial rights." *Villafuerte*, 502 F.3d at 209.

## II. Applicable Law

A sentence is procedurally unreasonable if the district court fails to calculate the Guidelines range, mistakenly calculates the Guidelines range, fails to consider the § 3553(a) factors, or bases the sentence on clearly erroneous factual findings. *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (en banc). Under the Guidelines, a "court ordinarily should not impose a term of supervised release in a case in which supervised release is not required by statute and the defendant is a deportable alien who likely will be deported after imprisonment." U.S.S.G. § 5D1.1(c). A court may, however, impose a period of supervised release for a defendant convicted of illegal re-entry "if the district court finds that supervised release would provide an added measure of deterrence and protection based on the facts and circumstances of a

particular case." *United States v. Alvarado*, 720 F.3d 153, 155 (2d Cir. 2013) (per curiam) (internal quotation marks omitted); *accord* U.S.S.G. 5D1.1 cmt. n.5.

### III. Application

Martinez-Perez contends that his sentence was procedurally unreasonable in two respects: (1) the district court failed to consider the statutory factors along with the Guidelines; and (2) the district court failed to explain why it was deviating from Section 5D1.1(c) of the Guidelines. Both arguments fail.

First, Martinez-Perez's argument that the district court procedurally erred because it failed to consider the § 3553(a) factors together with the Guidelines is without merit. Although the district court agreed "to proceed with sentencing . . . without the benefit of a Presentence Report," it also noted that it had sufficient information "to enable the meaningful exercise of [its] sentencing authority pursuant to [§ 3553(a)]." App'x at 41. The district court considered the Information, the Pretrial Services Report, and other documents, including counsels' submissions; correctly calculated the Guidelines range; and then stated the following:

> The Court notes that this will be the third time that this defendant will be removed from this country; the first time voluntarily, the second time by court order or by immigration order . . . . Certainly, he has been slow to get the message that he must not enter this country illegally, regardless of his intentions to work to provide money for family. He needs to understand that he is violating the laws of this country and he needs to understand that this behavior is costing the . . . United States a considerable expense as a result of his illegal conduct.

*Id.* at 41-42. In imposing the one-year term of supervised release, the district court specifically noted that it was "very certain" that Martinez-Perez would be deported and barred from returning to this country, but explained that it was imposing supervised release "if for some reason" Martinez-Perez was given permission to re-enter, in which event he was required to report to the Probation Department. *Id.* at 42-43.

On this record, including the fact that Martinez-Perez had illegally entered the country two prior times, it is evident that the district court considered the statutory factors and the Guidelines and determined a term of supervised release would provide an additional measure of deterrence and protection. *See* U.S.S.G. 5D1.1 cmt. n.5 ("The court should . . . consider imposing a term of supervised release on such a defendant if the court determines it would provide an added measure of deterrence and protection based on the facts and circumstances of a particular case."); *Alvarado*, 720 F.3d at 155, 158. Therefore, the district court properly considered the statutory factors and determined that the one-year term of supervised release was warranted.

Second, Martinez-Perez argues that the district court did not explain why it was deviating from the Guidelines because it did not distinguish its reasoning for imposing five months' imprisonment from its imposition of supervised release. That argument is unpersuasive. In *Alvarado*, we concluded that "[a] district court is not required explicitly to link its finding that added deterrence is needed to its decision to impose a term of supervised release." 720 F.3d at 158. We upheld the district court's

imposition of supervised release based on an illegal re-entry conviction even though "the District Court did not specifically state that *supervised release* (as opposed to [defendant's] sentence generally) was designed to provide an additional measure of deterrence." *Id.* at 159. Moreover, the district court's reasoning is apparent from its comments discussed above. Thus, Martinez-Perez's challenge to the procedural reasonableness of the sentence on the ground that the district court failed to explain the need for supervised release is unconvincing.

*   *   *

We have considered Martinez-Perez's remaining arguments and find them to be without merit. Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

- 6 -