19-1988
*United States v. Reyna*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of June, two thousand twenty.

Present:
> ROBERT D. SACK,
> RICHARD C. WESLEY,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges*,

_____

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                                    19-1988

RICARDO ARIEL REYNA, ALSO KNOWN AS EDUARDO
E. SIMMONS,

> *Defendant-Appellant*.

_____

For Appellee:                      DAVID C. JAMES, Assistant United States Attorney, Keith D. Edelman, Assistant United States Attorney, *for* Richard P. Donoghue, United States Attorney for the Eastern District of New York, Brooklyn, NY

For Defendant-Appellant:           EUNICE C. LEE, Federal Defenders of New York Appeals Bureau, New York, NY

1

Appeal from a judgment of the United States District Court for the Eastern District of New York (Johnson, Jr., *S.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Ricardo Ariel Reyna appeals from a June 20, 2019 final judgment of conviction of the United States District Court for the Eastern District of New York (Johnson, Jr., *S.J.*) for illegal reentry in violation of 8 U.S.C. §§ 1326(a) and (b)(2), sentencing him principally to 87 months of imprisonment and three years of supervised release.   We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## I.   Procedural Reasonableness

For the first time on appeal, Reyna argues that the district court erred in imposing a three-year term of supervised release because Section 5D1.1 of the Sentencing Guidelines states that a court "ordinarily should not impose a term of supervised release in a case in which . . . the defendant is a deportable alien who likely will be deported after imprisonment," U.S.S.G. § 5D1.1(c), unless the court determines that supervised release "would provide an added measure of deterrence and protection based on the facts and circumstances of a particular case," U.S.S.G. § 5D1.1, cmt. n. 5.   Reyna argues that he is a deportable alien likely to be deported after imprisonment and that the district court failed adequately to explain the need for supervised release as an "added measure of deterrence and protection."   *Id*.   Accordingly, Reyna concludes that the district court's imposition of the supervised release term was procedurally unreasonable, requiring vacatur of his sentence.   For the following reasons, we disagree.

We review a sentence for procedural reasonableness "under a 'deferential abuse-of-discretion standard.'"   *United States v. Thavaraja*, 740 F.3d 253, 258 (2d Cir. 2014) (quoting

2

*Gall v. United States*, 552 U.S. 38, 41 (2007)). "A sentence is procedurally unreasonable if the district court fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to consider the § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence." *United States v. Sampson*, 898 F.3d 287, 311 (2d Cir. 2018) (internal quotation marks omitted).

Because Reyna did not object to the supervised release term below, the error is unpreserved. We review unpreserved claims of procedural unreasonableness for plain error. *See United States v. Green*, 618 F.3d 120, 122 (2d Cir. 2010). "Under plain error review, the court must first find an obvious error that affects substantial rights. Then, the court may use its discretion to correct the error if it seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (citation and internal quotation marks omitted).

Even assuming that the district court did not adequately explain its reasons for imposing supervised release, Reyna cannot show that the district court plainly erred. Reyna's "criminal record demonstrates that supervised release 'would provide an added measure of deterrence and protection based on the facts and circumstances of [this] particular case.'" *United States v. Alvarado*, 720 F.3d 153, 160 (2d Cir. 2013) (per curiam) (quoting U.S.S.G. § 5D1.1, cmt. n. 5). Reyna has a long criminal history that includes crimes of violence and crimes committed during periods of incarceration. A-41. In light of that long history, and of Reyna's failure to be deterred following both previous convictions for serious offenses and previous deportations, there is no reasonable probability that the procedural error complained of here affected the sentence imposed. *Alvarado*, 720 F.3d at 160 (citing *United States v. Marcus*, 560 U.S. 258, 262 (2010)). As such, "since it is clear that [the alleged error] did not affect the outcome of the sentencing

proceeding," there can be no finding of plain error "because the alleged error did not affect [Reyna's] substantial rights." *Id*.

## II. Substantive Reasonableness

We review sentences for substantive reasonableness also employing an abuse-of-discretion standard. *See Thavaraja*, 740 F.3d at 258. This Court's review for substantive reasonableness, moreover, "is particularly deferential[,] . . . identifying as substantively unreasonable only those sentences that are so 'shockingly high, shockingly low, or otherwise unsupportable as a matter of law' that allowing them to stand would 'damage the administration of justice.'" *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012) (quoting *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009)). "In reviewing [a sentence] for substantive reasonableness, we consider the totality of the circumstances, and reverse only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions[.]" *United States v. Mason*, 692 F.3d 178, 181 (2d Cir. 2012) (internal quotation marks and citation omitted). Adjudged by these standards, the sentence imposed here falls well within the ambit of appropriate sentences.

First, the sentence imposed by the district court was 87 months, within the applicable Guidelines range of 70 to 87 months. This court has stated "that in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir. 2006) *abrogated on other grounds by Rita v. United States*, 551 U.S. 338 (2007). Second, although Reyna's current conviction was for illegal reentry, the district court properly considered and weighed Reyna's long history of violent crime when assigning the sentence. Given this history and Reyna's history of criminal conduct during periods of incarceration, the district court

4

acted well within its discretion in imposing a sentence that is not shockingly high, shockingly low, or otherwise unsupportable as a matter of law.

*    *    *

We have considered Reyna's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk