United States v. Ellis

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of March, two thousand twenty-two.

PRESENT:

> JOHN M. WALKER, JR.,
> PIERRE N. LEVAL,
> MICHAEL H. PARK,
> *Circuit Judges.*

---

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                                                     21-946

CLEON OTHNEIL ELLIS,

> *Defendant-Appellant.*

---

| | |
|---|---|
| FOR APPELLEE: | David C. James and Genny Ngai, Assistant United States Attorneys, *for* Breon Peace, United States Attorney for the Eastern District of New York, Brooklyn, NY. |
| FOR DEFENDANT-APPELLANT: | Colleen P. Cassidy, Federal Defenders of New York, Inc., New York, NY. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Kuntz, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant Cleon Othneil Ellis illegally entered the United States in 1997. He was deported from the country in 2011 after pleading guilty to participating in a conspiracy to distribute cocaine base in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B). In 2019, Ellis was indicted for unlawfully reentering the United States after being convicted of an aggravated felony, in violation of 8 U.S.C. §§ 1326(a) and 1326(b)(2).

Ellis pleaded guilty to these charges and consented to being deported. The district court sentenced Ellis to time served followed by a one-year term of supervised release. Ellis now appeals his sentence, arguing that the district court plainly erred when it imposed a term of supervised release without addressing section 5D1.1(c) of the United States Sentencing Guidelines, which provides that district courts "ordinarily should not impose a term of supervised release in a case in which . . . the defendant is a deportable alien who likely will be deported after imprisonment." U.S.S.G. § 5D1.1(c). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

"We review a sentence for procedural and substantive reasonableness under a deferential abuse-of-discretion standard." *United States v. Thavaraja*, 740 F.3d 253, 258 (2d Cir. 2014) (cleaned up). "A district court commits procedural error when it fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to consider the 18 U.S.C. § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence." *United States v. Traficante*, 966 F.3d 99, 102 (2d

Cir. 2020) (cleaned up). We review only for plain error where, as here, the defendant failed to object. *See United States v. Villafuerte*, 502 F.3d 204, 208 (2d Cir. 2007). To show plain error, a defendant "must demonstrate that: (1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the [defendant's] substantial rights[]; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Bastian*, 770 F.3d 212, 219–20 (2d Cir. 2014) (cleaned up).

The district court did not err by imposing a term of supervised release without citing section 5D1.1(c). The commentary to section 5D1.1(c) specifies that the court may "consider imposing a term of supervised release on such a defendant if the court determines it would provide an added measure of deterrence and protection based on the facts and circumstances of a particular case." U.S.S.G. § 5D1.1, cmt. n.5. Thus, "if a district court makes a finding that an added measure of deterrence and protection is appropriate based on the facts and circumstances of a particular case, then imposing supervised release on an alien who likely will be deported after imprisonment does not constitute a departure from the Guidelines." *United States v. Alvarado*, 720 F.3d 153, 158 (2d Cir. 2013) (internal quotation marks omitted). The court need not "explicitly . . . link its finding that added deterrence is needed to its decision to impose a term of supervised release." *Id.*

Ellis claims that his sentence should be vacated because the district court committed plain error when it imposed a term of supervised release without specifically addressing section 5D1.1(c) or adequately explaining that supervised release was necessary to provide additional deterrence. We disagree.

First, the court's on-the-record findings demonstrate that it considered Ellis to be "particularly likely to re-enter the country illegally again in the future, and therefore that 'an added measure of deterrence and protection' was needed." *Id.* (quoting U.S.S.G. § 5D1.1, cmt. n.5). At

3

the sentencing hearing, the court noted Ellis's history of violating removal orders and unlawfully reentering the country, emphasizing that Ellis "has shown a propensity to illegally reenter the United States after deportation and removal." App'x at 90. The court also commented on a possibility that Ellis might have an incentive to return for reasons related to his health care. The court thus concluded that a sentence of time served, along with a one-year term of supervised release, was "sufficient but not greater than necessary to comply with the purposes set forth in [18 U.S.C. § 3553(a)]." *Id.* at 89–90. The court issued a detailed written order after the sentencing hearing, again emphasizing that the sentence provided the necessary level of "both general and specific deterrence," given that "this was not the first time [Ellis] had disobeyed a removal order." *Id.* at 105. The district court's findings adequately supported an imposition of supervised release despite Ellis's status as an alien likely to be deported after sentencing.

Second, in light of these findings, the court did not commit error by failing to reference section 5D1.1(c). In *Alvarado*, we affirmed the court's imposition of supervised release in similar circumstances although "[s]ection 5D1.1(c) was not explicitly discussed at the sentencing hearing." 720 F.3d at 159. Ellis contends that this case is inapplicable because—unlike the defendant's presentence report in *Alvarado*—his report did not cite to section 5D1.1(c). But although Ellis's presentence report did not cite this provision, the record makes clear that the district court imposed the supervised release term based on the need for additional deterrence. The district court attached two special conditions to the supervised release term, both tailored to this specific concern: the conditions required Ellis to (1) comply with any removal orders issued by immigration officials and (2) if deported, to refrain from illegally reentering the United States. In light of this, the district court was not also required to cite section 5D1.1(c). *See Villafuerte*, 502 F.3d at 210 (declining to "prescribe [a] formulation a sentencing judge will be obliged to follow

4

in order to demonstrate discharge of the duty to consider the guidelines," such as "robotic incantations" of the Guidelines provisions).  Even if we agreed with Ellis that the district court erred by not referencing section 5D1.1(c), Ellis would still fail to establish plain error.  Because Ellis's "criminal record supported a finding that the imposition of supervised release would provide an added measure of deterrence and protection," any purported error did not "affect the outcome of the sentencing proceeding" and therefore "did not affect [his] substantial rights." *Alvarado*, 720 F.3d at 160 (cleaned up); *see also United States v. Marcus*, 560 U.S. 258, 262 (2010).[1]

We have considered the remainder of Ellis's arguments and find them to be without merit. For the foregoing reasons, we affirm the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] Ellis also argues that the district court erroneously stated at sentencing that the parties requested imposition of supervised release, when in fact it was the U.S. Probation Department.  Any misstatement by the court in this regard does not rise to plain error because it did not affect the outcome of the sentencing proceedings.  In sentencing Ellis, the court followed Probation's recommended supervised release terms and did not rely on the parties' representations.  Further, the court's subsequent written order explaining its findings—filed alongside judgment—clarifies the court's understanding that neither the government nor Ellis sought imposition of supervised release.