**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

No. 25-4329

─────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

HELIBERTO FIGUEROA GOMEZ, a/k/a Greivin Armindo Juares Mazariegos,

        Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Roderick Charles Young, District Judge.  (3:25-cr-00031-RCY-1)

─────────────

Submitted:  February 27, 2026                     Decided:  April 24, 2026

─────────────

Before HARRIS and BERNER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

**ON BRIEF:** Geremy C. Kamens, Federal Public Defender, Patrick L. Bryant, Assistant Federal Public Defender, Joseph S. Camden, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant.  Lindsey Halligan, United States Attorney and Special Attorney, Todd W. Blanche, Deputy Attorney General, Robert K. McBride, First Assistant United States Attorney, James Reed Sawyers, Assistant United States Attorney, Carla Jordan-Detamore, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Heliberto Figueroa Gomez pleaded guilty to illegal reentry after removal, in violation of 8 U.S.C. § 1326(a).  He was sentenced to time served and one year of supervised release.  On appeal, he argues that the imposition of a term of supervised release without adequate explanation rendered his sentence procedurally unreasonable.  The Government contends that any shortcoming in the district court's explanation was harmless.  We affirm.

"We review the reasonableness of a sentence under 18 U.S.C. § 3553(a) using an abuse-of-discretion standard, regardless of 'whether [the sentence is] inside, just outside, or significantly outside the Guidelines range.'"  *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)).  In evaluating the procedural reasonableness of a sentence, we "determin[e] whether the district court committed any procedural error, such as improperly calculating the Guidelines range, failing to consider the § 3553(a) factors, or failing to adequately explain the chosen sentence."  *Id*. (citing *Gall*, 552 U.S. at 51).  "A sentencing court's explanation is sufficient if it, although somewhat briefly, outlines the defendant's particular history and characteristics not merely in passing or after the fact, but as part of its analysis of the [18 U.S.C. § 3553(a)] factors."  *United States v. Blue*, 877 F.3d 513, 519 (4th Cir. 2017) (citation modified).  In other words, the court "must conduct an individualized assessment" by applying the § 3353(a) factors "to the particular defendant" being sentenced.  *Nance*, 957 F.3d at 212-13 (citation modified).

2

In determining whether there has been an adequate explanation, "we do not evaluate a [district] court's sentencing statements in a vacuum." *United States v. Gaspar*, 123 F.4th 178, 183 (4th Cir. 2024) (citation modified). Rather, we "may discern the court's rationale from the context surrounding its explanation." *Id.* (citation modified). Moreover, a "district court[] need not spell out [its] responses to [the] defendant['s] arguments" provided that the context "make[s] it patently obvious that the district court found the defendant's arguments to be unpersuasive." *United States v. Lozano*, 962 F.3d at 773, 782 (4th Cir. 2020) (citation modified). "Engaging counsel in a discussion about the merits of an argument in favor of a particular sentence, for example, may be sufficient to permit a reviewing court to infer that a sentencing court gave specific attention to a defendant's argument." *United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019) (citation modified).

A district court "ordinarily should not impose a term of supervised release in a case in which supervised release is not required by statute and the defendant is a deportable alien who likely will be deported after imprisonment." USSG § 5D1.1(c). However, the district court should "consider imposing a term of supervised release on such a defendant if the court determines it would provide an added measure of deterrence and protection based on the facts and circumstances of a particular case." *Id.* cmt. n.5.

In *United States v. Aplicano-Oyuela*, 792 F.3d 416 (4th Cir. 2015), we held that our review for procedural reasonableness of the imposition of supervised release in an illegal reentry case should include consideration of whether the sentencing court "(1) is aware of Guidelines section 5D1.1(c); (2) considers a defendant's specific circumstances and the

§ 3553(a) factors; and (3) determines that additional deterrence is needed." *Id*. at 424 (citing *United States v. Alvarado*, 720 F.3d 153, 159 (2d Cir. 2013)).

Here, the record shows that the district court was aware of USSG § 5D1.1(c), as the provision was referenced in the presentence report—which the court adopted—and because the court engaged in a discussion about the provision at Gomez's sentencing hearing when Gomez objected to the imposition of a term of supervised release. The district court recognized USSG § 5D1.1(c) provides that supervised release ordinarily should not be imposed on a removable alien but, in accord with USSG § 5D1.1 cmt. n.5, the court noted that Gomez had entered the country illegally more than once and was a recidivist returnee. We have reviewed the court's exchange with counsel concerning the imposition of a term of supervised release and its statements in imposing Gomez's sentence. We conclude that the court sufficiently stated that it was imposing a term of supervised release as a deterrent. *See* USSG § 5D1.1 cmt. n.5; *Aplicano-Oyuela*, 792 F.3d at 423-25.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*